## COMMONWEALTH *vs.* MICHAEL DUNN.

A complaint on *St.* 1855, *c.* 215, § 24, for keeping intoxicating liquors with intent to sell
" without then and there having any license, appointment or authority therefor, first duly
had and obtained as required by law in this commonwealth, and without then and there
having any legal authority whatever," sufficiently negatives the defendant's right to keep
liquors with intent to sell in any mode permitted or not prohibited by law.

COMPLAINT on *St.* 1855, *c.* 215, § 24, for keeping intoxicating liquor on the 14th of April 1859 at Roxbury, with intent to sell in this commonwealth, " without then and there having any license, appointment or authority therefor, first duly had and obtained as required by law in this commonwealth, and without then and there having any legal authority whatever."

After conviction at April term 1859 of the court of common pleas in Norfolk, the defendant moved in arrest of judgment that "the complaint does not negative all the circumstances of exception and modification, as to the right of keeping with intent to sell, (not selling,) contained in the provisions of *St.* 1855, *c.* 215." *Aiken*, J. overruled the motion, and the defendant alleged exceptions.

*G. Sennott*, for the defendant.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

DEWEY, J. This complaint is sufficient in form to maintain a conviction under *St.* 1855, *c.* 215, § 24. It sufficiently negatives all lawful authority to keep liquors with intent to sell the same. It is true that the cases in which similar allegations have been held sufficient, have been cases of illegal sale or manufacture. *Commonwealth* v. *Lafontaine*, 3 Gray, 479. *Commonwealth* v. *Conant*, 6 Gray, 484. *Commonwealth* v. *Boyle*, *ante*, 3. *Commonwealth* v. *Clark*, *ante*, 368. But the words here used are also well adapted to the case of keeping intoxicating liquor with intent to sell it in violation of law.         *Exceptions overruled.*